UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF<br>PARADISE FAMILY, LLC, as Owner,<br>and ANOTHER DAY IN PARADISE<br>BOAT CLUB, LLC d/b/a FREEDOM<br>BOAT CLUB OF TAMPA BAY, as Owner<br>*Pro Hac Vice*, of the ROVER TOON, a 2022<br>Brunswick Leisure motor vessel bearing<br>hull identification number HAMC9690B222<br>and Florida Registration FL 4022TE,<br>together with its Engines, Tackles,<br>Appurtenances, Equipment, & Etc., in a<br>cause for Exoneration from or Limitation<br>of Liability, | Case No. 8:22-cv-2414-VMC-CPT |
| Petitioners.<br>_____/ | |

**ORDER APPROVING *AD INTERIM* STIPULATION OF VALUE
AND DIRECTING ISSUANCE OF MONITION AND INJUNCTION**

Before the Court is the Petitioners' *Motion to Approve Ad Interim Stipulation, and for a Monition and Injunction*. (Doc. 6). For the reasons discussed below, the Petitioners' motion is granted as described herein.

I.

Petitioners Paradise Family, LLC and Another Day in Paradise Boat Club, LLC d/b/a Freedom Boat Club of Tampa Bay are the owner and owner *pro hac vice*, respectively, of a 2022 Brunswick Leisure motor vessel named *Rover Toon* (the Vessel),

which was involved in a maritime incident on or about April 16, 2022, in the territorial waters near Port Richey, Florida (the Incident). (Doc. 1). The Incident occurred when the Vessel collided with another vessel owned by William Shelter. *Id.*

On October 20, 2022, the Petitioners filed a complaint seeking to minimize, if not eliminate altogether, their exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501–30512 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id*.

Shortly after filing the complaint, the Petitioners submitted the instant motion, along with an *Ad Interim* Stipulation for Value and Costs (Ad Interim Stipulation) as security for any claims stemming from the Incident. (Docs. 5, 6). The Petitioners represent in the Ad Interim Stipulation that the post-loss value of the Vessel and pending freight is $32,465. (Doc. 5). In addition, the Petitioners—joined by Federal Insurance Company (Federal), as surety—state that they will guarantee payment of any potential obligations in this action up to $32,465, plus pending freight, if any, with interest at the rate of 6% per annum. (Doc. 5). Based on this representation, the Petitioners request in their motion that the Court (1) approve the Ad Interim Stipulation; (2) issue a monition to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the further prosecution of any proceedings against the Petitioners arising from any claims subject to limitation. (Doc. 6).

II.

Upon due consideration of the matter, it is hereby ORDERED:

1.     The Ad Interim Stipulation for the value of the Vessel and its pending freight, in the amount of $32,465 and including pending freight, if any, with interest at the rate of 6% per annum, filed by the Petitioners and Federal, is accepted as adequate security and is approved as to form and quantum.

2.     The Petitioners and any claimant who may properly become a party hereto may contest the amount or value of the Petitioners' interest in the Vessel as fixed in the Ad Interim Stipulation; may move the Court for due appraisal of said interest; and may apply to have the amount of said stipulation increased or decreased, as the case may be, upon the Court's determination of the amount or value of said interest or to carry out the provisions of 46 U.S.C. §§ 30501–30512 for personal injuries, property damage, or any other claims resulting from the Incident.

3.     If the amount of Ad Interim Stipulation is not disputed by any claimant, the Ad Interim Stipulation shall stand as a stipulation for value and an appraisal shall not be required.

4.     The Clerk of Court shall issue the attached Monition advising and admonishing all persons or corporations asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly resulting from the Incident, to file their respective claims with the Clerk of Court, United States District Court for the Middle District of Florida, located at 801 North Florida Avenue, Tampa, Florida 33602 **on or before January 24, 2023**, and to serve or mail copies thereof to the

Petitioners' attorneys, David N. Gambach and Evan S. Gutwein of Hamilton, Miller & Birthisel, LLP, 150 Southeast Second Avenue, Suite 1200, Miami, Florida 33131, or be defaulted.  If any claimant desires to contest the Petitioners' right to exoneration from or limitation of liability, such claimant(s) shall file and serve on the Petitioners' counsel an answer to the complaint on or before said date, unless his/her claim has included an answer to the complaint so designated, or be defaulted.

5. The Notice of Monition in the form required by Supplemental Rule F and the Admiralty and Maritime Practices Manual shall be published in a newspaper of general circulation in the appropriate county or counties once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and the Admiralty and Maritime Practice Manual.

6. No later than the date of the second weekly publication, the Petitioners shall mail a copy of said notice to every person or corporation known by the Petitioners to have a claim against them arising out of the Incident set forth in the complaint.  In addition, the Petitioners shall mail said notice to any decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.

7. The commencement or further prosecution of any action or proceeding against the Petitioners, the Vessel, or other property of the Petitioners with respect to any claims for which the Petitioners seek exoneration from or limitation of liability herein, including any claim arising out of or incident to or connected with any loss, damage, injury, death, or destruction, more fully described in the complaint, be and

the same is hereby restrained, stayed, and enjoined until the hearing and determination of this action.

8. Service of this Order as a restraining order in this District may be made in the usual manner as in any other federal district by the United States Marshal's delivery of a certified copy of this Order on the person(s) to be restrained or to their respective attorney(s), or—alternatively—by mailing a conformed copy of the Order to the person(s) to be restrained or to their respective counsel.

SO ORDERED in Tampa, Florida, this 1st day of November 2022.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record