UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF PARADISE FAMILY, LLC, as Owner, and ANOTHER DAY IN PARADISE BOAT CLUB, LLC d/b/a FREEDOM BOAT CLUB OF TAMPA BAY, as Owner *Pro Hac Vice*, of the ROVER TOON, a 2022 Brunswick Leisure motor vessel bearing hull identification number HAMC9690B222 and Florida Registration FL 4022TE, together with its Engines, Tackles, Appurtenances, Equipment, & Etc., in a cause for Exoneration from or Limitation of Liability, | Case No. 8:22-cv-2414-VMC-CPT |
| Petitioners. | |
| _____/ | |

## REPORT AND RECOMMENDATION

Before me on referral is the *Petitioners' Motion for Entry of Final Default Judgment of Exoneration Against all Persons and Entities who Did Not Respond to the Petition for Exoneration or Limitation*. (Doc. 22). For the reasons discussed below, I respectfully recommend that the Petitioners' motion be granted.

I.

As averred in their complaint, Petitioners Paradise Family, LLC and Another Day in Paradise Boat Club, LLC, d/b/a Freedom Boat Club of Tampa Bay, are the owner and owner *pro hac vice*, respectively, of a 2022 Brunswick Leisure motor vessel

named *Rover Toon* (the Vessel). (Doc. 1). According to the Petitioners, the Vessel was in the territorial waters near Port Richey, Florida on or about April 16, 2022, when it collided with another vessel owned by William Shelter and occupied by both Mr. Shelter and Heather Shelter (the Incident). *Id*. The Incident allegedly resulted in damages to Mr. Shelter's vessel and injury to Ms. Shelter. *Id.*

In October 2022, the Petitioners filed a complaint seeking to minimize, if not eliminate altogether, their exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501–30512 (the Act) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id*.

The next month, in November 2022, the Court approved the Petitioners' *Ad Interim* Stipulation for Value and Costs, directed the issuance of a Monition to all possible claimants, and imposed an injunction precluding the further prosecution of any proceedings against the Petitioners arising from any claims subject to limitation. (Doc. 7). The Petitioners thereafter published a Notice of Monition in the *Tampa Bay Times* and also mailed a copy to every known potential claimant. (Docs. 10, 10-1, 11, 11-1). The Notice of Monition established a January 24, 2023, deadline for the possible claimants to file with the Clerk of Court their respective claims or answers or be defaulted.[1]  (Doc. 8).

---

[1] The Petitioners sent the known potential claimants a copy of the Notice of Monition, along with the complaint and the Order approving the *Ad Interim* Stipulation, on November 21, 2022. (Doc. 22). The cover letter attaching those documents, however, contained a typographical error regarding the deadline to file a claim or answer. *See* (Docs. 10-1, 22). As a result, the Petitioners mailed these

Only one claim—by Ms. Shelter—was filed prior to the January 24, 2023, deadline. (Doc. 14). Ms. Shelter's claim has since been resolved. (Doc. 17). As to all unknown claimants, the Petitioners requested and obtained the entry of a Clerk's default. (Docs. 15, 18–21).

The instant motion followed. (Doc. 22). By way of that submission, the Petitioners now seek a default judgment against the non-appearing potential claimants pursuant to Federal Rule of Civil Procedure 55(b)(2) and Supplemental Rule F(5). *Id.* The lone declared claimant, Ms. Shelter, does not oppose this relief. *Id.*

## II.

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the entry of a clerk's default, a plaintiff may apply for a default judgment either to the clerk or to the court. Fed. R. Civ. P. 55(b). This two-step procedure has been found to apply in admiralty actions, which—like this one—are brought pursuant to the Act. *See, e.g.*, *In re Complaint of Wild Fla. Airboats, LLC*, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017).

---

possible claimants a revised cover letter setting forth the correct date and again attaching the complaint, the Order approving the *Ad Interim* Stipulation, and the Notice of Monition. (Docs. 13-1, 22). Despite this error in the cover letter, the Petitioners sent the Notice of Monition to the potential claimants before the second publication of the Notice of Monition on November 28, 2022, as required. *See* Fed. R. Civ. P. Supp. F(4).

In such cases, the Supplemental Rules set forth strict deadlines for providing notice to possible claimants and for the filing of claims. Supplemental Rule F(4) states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4).

Supplemental Rule F(5) further instructs that once notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided[.]" Fed. R. Civ. P. Supp. F(5). Supplemental Rule F(5) also specifies that "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability[,] the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

Under these rules, a default judgment may be entered against each party who fails to file a claim within the period designated by the court, as long as the petitioner has supplied the requisite notice. *See Matter of Paradise Family, LLC*, 2022 WL 4110729, at *2 (M.D. Fla. Aug. 19, 2022), *report and recommendation adopted sub nom.*, *In re 2021*

*19' Hurricane M/V El Nino*, 2022 WL 4110276 (M.D. Fla. Sept. 8, 2022); *Matter of Freedom Marine Sales, LLC*, 2019 WL 3848875, at *2 (M.D. Fla. July 31, 2019), *report and recommendation adopted*, 2019 WL 3835945 (M.D. Fla. Aug. 15, 2019); *Matter of Newport Freedog, LLC*, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018), *report and recommendation adopted sub nom.*, *Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018).

Here, as noted above, the Petitioners have complied with the notice requirements and have resolved the claim of the only individual, Ms. Shelter, who has contested the Petitioners' right to exoneration from or limitation of liability. (Docs. 14, 17). Moreover, the deadline for any other possible claimants to file a claim or answer has expired, and a Clerk's default has been entered against them. (Doc. 21). Accordingly, the entry of a default judgment against the non-appearing potential claimants is warranted at this juncture pursuant to Rule 54(b).

### III.

Based upon the foregoing, I respectfully recommend:

1. The Court grant the *Petitioners' Motion for Entry of Final Default Judgment of Exoneration Against all Persons and Entities who did not Respond to the Petition for Exoneration or Limitation* (Doc. 22); and

2. The Clerk of Court be directed to enter a Final Judgment for Exoneration by Default in the Petitioners' favor and against all claimants who have not filed claims in this action.

Respectfully submitted this 9th day of June 2023.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of record
Any unrepresented party